C.M. SULLIVAN, Secretary, Department of Employe Trust Funds
You request my opinion by letter dated December 31, 1970, as to whether, upon the facts therein stated, Margaret H. Harma, the named beneficiary of Elmer J. Harma, is his spouse and entitled to payment under sec. 41.14 (2) (a), Stats. You inform me that Mr. Harma was divorced from one Betty Harma in October, 1968, in Wisconsin, and married to one Margaret Hilma Haakana on June 27, 1969, in the State of Michigan. Section 41.14 (2) (a), Stats. (1969), provides a specific level of benefits for a beneficiary, who is a spouse or other named relative of the deceased. A lesser benefit is provided under sec. 41.14 (2) (b), Stats. (1969), if the beneficiary is not a spouse or other named relative.
Mr. Harma was married during the one-year required waiting period before his divorce became final. Section 245.03 (2), Stats., declares such second marriage void as follows:
"(2) It is unlawful for any person, who is or has been a party to an action for divorce in any court in this state, or elsewhere, to marry again until one year after judgment of divorce is granted, and the marriage of any such person solemnized before the expiration of one year from the date of the granting of judgment of divorce shall be void."
The fact that the second marriage took place in the State of Michigan does not cure the defect caused by marrying within the one-year waiting period due to the specific language of sec. 245.04, Stats. Such section reads in part:
"(1) If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state goes into another *Page 60 
state or country and there contracts a marriage prohibited or declared void under the laws of this state, such marriage shall be void for all purposes in this state with the same effect as though it had been entered into in this state.
"(2) Proof that a person contracting a marriage in another jurisdiction was (a) domiciled in this state within 12 months prior to the marriage, and resumed residence in this state within 18 months after the date of his departure therefrom, or (b) at all times after his departure from this state, and until his return maintained a place of residence within this state, shall be prima facie evidence that at the time such marriage was contracted the person resided and intended to continue to reside in this state."
The term "void" is specifically defined in sec. 245.002, Stats., as "In this title `void' means null and void and not voidable."
The Wisconsin Supreme Court in Davidson v. Davidson (1966),35 Wis.2d 401, discussed the subject of void and voidable marriages upon the similar fact situation of a marriage during the period before a divorce was final. The court held on the basis of sec. 245.24, Stats., providing for the validation of void marriages, that a marriage declared void by the statutes when originally contracted ripens into an absolute marriage when the impediment is removed. The court stated at page 407-8 of Davidson:
"The terms `void' and `voidable' are distinguished in 35 Am.Jur., Marriage, p. 212, sec. 46, as follows:
"`A definition of voidable and void marriage which will closely fit modern conditions is that a marriage may be considered voidable although prohibited by law when it is possible, under any circumstances, for the parties to contract the marriage, or subsequently to ratify it, while it should be considered void if it is impossible for them under the law to contract it, and if it is impossible for them subsequently by any conduct to ratify it, and if the statute expressly declares that the marriage is void.'
"The marriage entered into between Leona and Robert at its inception was at least voidable under sec. 245.03 (1), *Page 61 
Stats., because Robert had a wife living at the time of the marriage; and it continued to be unlawful under sec. 245.03 (2) because the ceremony was performed within one year from the granting of the divorce to Mildred.
"Sec. 245.21, Stats., provides, in part:
"`All marriages hereafter contracted in violation of ss. 245.02, 245.03, 245.04 and 245.16 shall be void (except as provided in ss. 245.22 and 245.23).'
"Sec. 245.002 (3), Stats., provides:
"`In this title "void" means null and void and not voidable.'
"If we considered no other statutes we would be led to conclude that the marriage between Leona and Robert was absolutely void.
"However, sec. 245.24, Stats., provides for the removal of impediments and the validation of otherwise void marriages:
"`Removal of impediments to subsequent marriage. If a person during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract in accordance with s. 245.16, and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, or that the former marriage had been annulled, or dissolved by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to such former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents.'"
It, therefore, appears that the Harma-Haakana marriage was not void ab initio. If Margaret H. Haakana entered into the marriage "in good faith, in the full belief that the former *Page 62 
* * * marriage had been dissolved by a divorce, or without knowledge of such former marriage," then within the specific language and requirements of sec. 245.24, Stats., the marriage would be valid upon the end of the year waiting period in October of 1969.
The determination of whether the Harma-Haakana marriage became a valid marriage upon removal of the impediment by passage of time requires the determination of facts sufficient to satisfy the "good faith" requirements of sec. 245.24, Stats. Where a marriage is shown to have been solemnized, it is presumed to have been legally and properly performed, and it is presumed that the parties had the legal capacity, and that the marriage was valid. Estate of Campbell (1952), 260 Wis. 625, 630.
If your agency is satisfied, through communications with the named beneficiary, that the "good faith" requirements of sec. 245.24, Stats., have been met, you may make payment under sec. 41.14 (2) (a), Stats., on the basis that Margaret H. Haakana, the named beneficiary, is a spouse. However, should you determine that the named beneficiary is not a spouse under such "good faith" requirements, this would be tantamount to declaring the marriage void. Section 247.02, Stats., specifically provides that "no marriage shall be annulled or held void except pursuant to judicial proceedings." Should you decide, therefore, that the "good faith" requirements of sec. 245.24 have not been shown, the only available alternative is to refuse payment under sec. 41.14 (2) (a) until a court determination is made.
RWW:WMS